UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-5912 (RPK) (RER)

---

Marco Verch,

                Plaintiff,

vs

The Nocturnal Times, LLC,

                Defendant.

---

**REPORT & RECOMMENDATION**

July 16, 2020

---

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Marco Verch ("Plaintiff" or "'Verch") brings this action alleging that defendant The Nocturnal Times, LLC ("Defendant" or "Nocturnal Times") reproduced and published his copyrighted photograph of the Las Vegas Strip (the "Photograph") without authorization in violation of sections 106 and 501 of the Copyright Act ("the Act"), 17 U.S.C. §§ 106 and 501.  (Dkt. No. 1 ("Compl."), ¶¶ 1, 7-11, 14).  Defendant has failed to answer or otherwise respond to the complaint.  Default was subsequently entered by the Clerk of the Court and Plaintiff filed a

1

motion for a default judgment. (Dkt. Nos. 17 and 18). Your Honor referred Verch's motion for default judgment to me for a report and recommendation. (Dkt. Entry dated March 4, 2020). For the reasons which follow, I respectfully recommend that Verch's motion be granted as to liability but denied without prejudice as to damages, attorney's fees and costs.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default

judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). However, "a district court need not agree that the alleged facts constitute a valid cause of action," *Mickalis Pawn Shop*, 645 F.3d at 128 (internal quotation and citation omitted), and the court therefore must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law," *Finkel*, 577 F.3d at 84.

## **DISCUSSION**

### I. Liability

Verch brings this action to enforce his rights under §§ 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. (Compl. at ¶ 20.) Copyright infringement contains two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). These requirements are satisfied here. Plaintiff

3

alleges that he is the author of the Photograph and owns a valid copyright in it under copyright registration number VA-2-095-199. *See* Compl. ¶¶ 7-9; *see also Papazian v. Sony Music Entertainment*, 2017 WL 4339662, at *6 n.6 (S.D.N.Y Sept. 28, 2017) (courts permitted to take judicial notice of copyright registrations as published in Copyright Office's registry) (citing *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)); *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (PKC)(VMS), 2020 WL 207352, at *3 (E.D.N.Y. Jan. 14, 2020) (originality of photograph can be inferred from claim to be author of photograph); *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("Photographs are often found to be original works."), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Plaintiff further alleges that Defendant copied and publicly displayed the Photograph without his permission. *See* Compl. ¶¶ 10-11. Accordingly, Plaintiff has adequately pleaded a copyright infringement claim.

II.     Damages

Just because Verch has established Defendant's liability does not mean that he is entitled to damages. On a motion for default judgment, courts do not accept as true factual allegations related to damages. *See J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain*, 653 F.2d at 65). Instead, "[t]he court must be

4

satisfied that Plaintiff has met the burden of proving damages to the court with 'reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

After liability for copyright infringement is established a plaintiff can elect either actual or statutory damages. *E.g., Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).  Here, Verch seeks $3,000 in actual damages, consisting of lost licensing fees and Defendant's "Ill-Gotten Gains" as a result of the infringement. (Dkt. No. 19 (Declaration of Richard Liebowitz, dated March 3, 2020 ("Liebowitz Decl."), ¶¶ 12-15); Dkt. No. 20 (Statement of Damages), ¶¶2-5; *see also* Compl., Prayer for Relief, ¶ 2).

An award of actual damages "compensate[s] the [copyright] owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (citations omitted). Section 504(b) of the Act

provides that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." *Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018). Thus, in "calculating the actual damages portion of § 504(b) damages, the lost license fee to the copyright holder is a reasonable enough place to start." *Terry v. Masterpiece Advert. Design*, No. 17-cv-8240 (NRB), 2018 WL 3104091, at *3 (S.D.N.Y. June 21, 2018) (quoting *Davis v. Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001)). "A plaintiff seeking actual damages based on a lost licensing fee must show 'that the thing taken had a fair market value,' not merely what the copyright owner 'would have charged.'" *Romanowicz* 2018 WL 4762980, at *4 (quoting Davis, 246 F.3d at 166). Indeed, the Second Circuit has made clear that an award of actual damages "may not be based on undue speculation." *Davis*, 246 F.3d at 166 (internal quotation marks omitted).

With respect to lost licensing fees, Plaintiff's counsel Richard Liebowitz avers that "Plaintiff estimates he would have been entitled to charge up to $1,500 for use

6

of the Photograph in the manner used by Defendant." (Statement of Damages ¶ 4; Liebowitz Decl., ¶ 13). However, Plaintiff's motion papers do not provide any documentary evidence whatsoever—"such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself," *Pasatieri v. Starline Prods., Inc.*, No. 18-cv-4688 (PKC) (VMS), 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020)—that would support his "estimate" of $1,500 as the lost licensing fee for this photo, *cf. Jerstad v. New York Vintners LLC*, No. 18-cv-10470 (JGK) (OTW), 2019 WL 6769431, at *3 (S.D.N.Y. Dec. 12, 2019), report and recommendation adopted, No. 18-cv-10470 (JGK), 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020) ("Plaintiff's declaration on the reasonable license fee merely renders a legal conclusion as opposed to providing any evidence of the photograph's value."). Plaintiff's submissions provide neither a sufficient nor competent basis for the Court to determine the fair market value of the licensing fee for the Photograph, as they contain no reference points that even hint at an appropriate fair market value for the licensing fee Plaintiff could or would have charged Defendant for its use of the Photograph. Indeed, Plaintiff's request has no basis other than its verbatim repetition in both the declaration of his counsel (Dkt. No. 19) and his Statement of Damages (Dkt. No. 20). This is precisely the sort of undue speculation that courts have cautioned against. As a result, the Court is "unable to ascertain ... the market value" of the Photograph and cannot award actual damages on the basis of Plaintiff's undue

7

speculation alone. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-cv-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).

Accordingly, I respectfully recommend that the Court deny without prejudice Plaintiff's request for actual damages with leave to renew if supported by evidence "setting forth some reasonable basis for his [damages] computation." *Renna*, 2019 WL 1061259, at *4 (recommending denial without prejudice of plaintiff's request for actual damages for copyright infringement because plaintiff failed to submit any affidavits or other documentary evidence in support of it); *see also Pasatieri*, 2020 WL 207352, at *5 (denying without prejudice unsupported request for actual damages for copyright infringement with leave to renew with supporting evidence); *Mango v. Northside Media Grp.*, LLC, No. 18-CV-5504 (ENV) (JO), 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (limiting actual damages to the minimum amount supported by plaintiff's submission of "a copy of a summary of the licensing fees for his photographs from 2005-2018"), report and recommendation adopted, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019); *Sheldon v. Plot Commerce*, No. 15 CV 5885 (CBA) (CLP), 2016 WL 5107072, at *15 (report and recommendation) (determining actual damages based on plaintiff's provision of "other licensing agreements showing that he has previously licensed photographs to other websites similar to [defendant's website]").

8

With respect to Defendant's "Ill-Gotten Gains," I assume—although Plaintiff does not explicitly state—that the additional $1,500 Plaintiff seeks in damages on this claim are for Defendant's profits from the unauthorized use of the Photograph. (Statement of Damages, ¶ 5; Liebowitz Decl. ¶ 14-15). Plaintiff acknowledges that "[b]ecause Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph." (Statement of Damages, ¶ 5; Liebowitz ¶ 14). Rather than estimate Defendant's profits, however, Plaintiff merely points to case law noting that actual damages should be "broadly construed to favor victims of infringement," *On Davis*, 246 F.3d at 164, and that when confronted with impression in the calculation of damages courts "should err on the side of guaranteeing the plaintiff a full recovery," *Sygma Photo News, Inc. v. High Society Magazine*, 778 F.2d 89, 95 (2d Cir. 1985). Although not clearly stated in Plaintiff's filings, presumably Plaintiff estimates Defendant's profits based on the amount claimed in lost licensing fees--$1,500.

As with his request for actual damages, Plaintiff's request for profits is wholly unsupported. Indeed, Plaintiff again fails to "provide any information from which the Court could reliably ascertain" Defendant's profits, *Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018), and the Court cannot award damages for infringer's profits on the basis of

9

undue speculation alone, *see Terry*, 2018 WL 3104091, at *4 ("While courts must necessarily engage in some degree of speculation in assessing copyright damages, a § 504(b) damages award must rely on some factual basis rather than undue speculation." (internal quotation marks and citations omitted)).

Accordingly, I respectfully recommend that the Court deny without prejudice Plaintiff's request for Defendant's profits with leave to renew his request once supported by evidence. *See Pasatieri*, 2020 WL 207352, at *5 (denying without prejudice plaintiff's request for infringer's profits because he offered no basis on which to award defendant's profits from its use of the photograph at issue); *see also Romanowicz*, 2018 WL 4762980, at *5 (awarding only actual damages for copyright infringement in an amount "appropriate based on the fee [plaintiff] charged for a similar image" and declining to award damages for Defendant's profits).

### III.   Attorney's Fees and Costs

The Copyright Act expressly provides that a court "may" award reasonable attorney's fees and allow the recovery of full costs. See 17 U.S.C. § 505. Here, Plaintiff seeks attorney's fees of $1,912.50 and costs of $440 for court filing and service fees. (Liebowitz Decl., ¶¶ 16-18.) Because I recommend that Plaintiff's request for actual damages be denied, I similarly recommend that his request for fees and costs be denied at this juncture. If Plaintiff subsequently submits sufficient evidence for an award of actual damages, his request for fees and costs can be

addressed then. *See Pasatieri*, 2020 WL 207352, at *6; *Renna*, 2019 WL 1061259, at *4 (not reaching the analysis of costs where plaintiff did not provide adequate documentation to support his request for actual damages).

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for default judgment be granted as to liability, but denied without prejudice as to damages, attorney's fees and costs. Plaintiff should be given thirty (30) days from the date hereof to file a renewed motion for default judgment on proper notice to Defendant.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Rachel P. Kovner within fourteen (14) days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: July 16, 2020
      Brooklyn, NY

                                          **/s/ Ramon E. Reyes, Jr.**
                                          RAMON E. REYES, JR.
                                          United States Magistrate Judge