UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 19-CV-5912 (RPK) (RER)

―――――――――――――

MARCO VERCH,
                    Plaintiff,

vs

THE NOCTURNAL TIMES, LLC,

                    Defendant.

―――――――――――――

**SUPPLEMENTAL REPORT & RECOMMENDATION**

October 12, 2020

―――――――――――――

**RAMON E. REYES, JR., U.S.M.J.:**

    Plaintiff Marco Verch ("Plaintiff" or "Verch") brings this action alleging that Defendant The Nocturnal Times, LLC ("Defendant" or "Nocturnal Times") reproduced and published his copyrighted photograph of the Las Vegas Strip (the "Photograph") without authorization in violation of sections 106 and 501 of the Copyright Act ("the Act"), 17 U.S.C. §§ 106, 501. (Dkt. No. 1 ("Compl.") ¶¶ 1, 7–11, 14). Because Defendant failed to answer or otherwise respond to the complaint, Plaintiff requested that the Clerk of the Court enter default. (Dkt. No. 16). After the Clerk entered default, (Dkt. No. 17), Plaintiff submitted a motion for default judgment, (Dkt. No. 18), and Your Honor referred the motion to me. (Dkt. Entry dated 3/4/2020). I respectfully recommended that Plaintiff's motion for default judgment be granted as to liability and denied without prejudice as to damages, attorney's fees, and costs. (Dkt. No. 22 ("R. & R.") at 11). Given Plaintiff's subsequent submissions in support of damages, attorney's fees, and costs, (Dkt. Nos. 24, 25), Your Honor requested a supplemental report and recommendation. Having reviewed Plaintiff's submissions, I respectfully recommend awarding damages in the amount of $1,500, attorney's fees in the

1

amount of $600, and costs in the amount of $400.

## BACKGROUND

This Court assumes familiarity with the underlying facts of the case. In a report and recommendation dated July 16, 2020, this Court found Defendant liable for violation of the Copyright Act. (R. & R. at 4). Plaintiff had requested a total of $3,000 in damages–$1,500 in actual damages and an additional $1,500 for "Defendant's Ill-Gotten Gains." (Dkt. No. 19 ("Liebowitz Decl.") ¶¶ 12–15; Dkt. No. 20 ("Pl.'s Mem.") ¶¶ 2–6). The Court assumed that "Ill-Gotten Gains" referred to profits Defendant gained from the copyright infringement. (R. & R. at 9). I found that the record did not sufficiently support the alleged damages, (R. & R. at 7–8), and recommended that Plaintiff's request for damages be denied without prejudice. (*Id.*).

Plaintiff subsequently submitted two documents to the record. First, Plaintiff submitted a declaration of his attorney, Richard Liebowitz. (Dkt. No. 24 ("Liebowitz Suppl. Decl.")). Mr. Liebowitz avers that any evidence of profits "would reside in the exclusive possession of Defendant," reiterates that Defendant defaulted, and concludes that $3,000 in actual damages is justified. (*Id.* ¶ 4). Mr. Liebowitz then states his qualifications as the "founding member and managing partner at Liebowitz Law Firm, PLLC" who has "filed over a thousand copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016." (*Id.* ¶ 6). Mr. Liebowitz requests an hourly rate of $425 and lists the services provided to Plaintiff and the time he spent on each activity in half hour increments. (*Id.* ¶¶ 5–7). He also requests $440 in costs, including this District's $400 filing fee and $40 in service costs. (*Id.* ¶ 7).

Second, Plaintiff submitted a declaration in which he suggests that $1,500 is a reasonable licensing fee for the Photograph. (Dkt. No. 25 ("Verch Decl.") ¶ 3). To support this value, Plaintiff attached a screenshot of a similar image he found on GettyImages.com ("Getty Images"), "the leading stock photography agency," that could be licensed for up to five years for $1,725. (*Id.*). Plaintiff submitted no further factual support pertaining to damages.

## DISCUSSION

### I. Legal Standard

In a default judgment, allegations as to damages are not deemed admitted. *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009). The plaintiff bears the burden to establish entitlement to recovery. *Id.* (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The court may hold an evidentiary hearing to determine damages. Fed. R. Civ. P. 55(b)(2). However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In determining damages, the court may rely on "affidavits and documentary evidence." *Id.*

### II. Damages

Plaintiff seeks $3,000 in actual damages, consisting of lost licensing fees and Defendant's "Ill-Gotten Gains." (Liebowitz Decl. ¶¶ 12–15; Pl.'s Mem. ¶¶ 2–5; Liebowitz Suppl. Decl. ¶¶ 3–4). Under section 504(b) of the Act, "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the

2

infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). These two categories of compensation – actual damages suffered by the copyright owner and the infringer's profits – must have separate justifications. *Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001).

### A. Actual Damages

An award of actual damages "compensate[s] the [copyright] owner for any harm he suffered by reason of the infringer's illegal act." *Id.* (citations omitted). "The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), *R&R adopted by* 2018 WL 4759768 (Oct. 1, 2018). Thus, in "calculating the actual damages portion of § 504(b) damages, the lost license fee to the copyright holder is a reasonable enough place to start." *Terry v. Masterpiece Advert. Design*, No. 17-CV-8240 (NRB), 2018 WL 3104091, at *3 (S.D.N.Y. June 21, 2018) (quoting *Davis*, 246 F.3d at 166). "A plaintiff seeking actual damages based on a lost licensing fee must show 'that the thing taken had a fair market value,' not merely what the copyright owner 'would have charged.'" *Romanowicz*, 2018 WL 4762980, at *4 (quoting *Davis*, 246 F.3d at 166). An award of actual damages "may not be based on 'undue speculation.'" *Davis*, 246 F.3d at 166 (quoting *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 470 (2d Cir. 1985)).

Plaintiff bases his request for actual damages on a fee of $1,725 that Getty Images charges to license a similar photograph. (Verch Decl., Ex. A). Plaintiff alleges that Getty Images is "the leading stock photograph agency." (Verch Decl. ¶ 3). The photograph on Getty Images is similar to Plaintiff's photograph, though the Court notes that Plaintiff's image depicts a side angle of the Bellagio including a busy highway rather than a full-on image of the Bellagio with a lake in the foreground. (*Compare* Compl., Ex. A *with* Verch Decl., Ex. A). The Court also notes that Plaintiff has not shown that Getty Images has ever actually licensed its photograph for $1,725. *C.f. Romanowicz*, 2018 WL 4762980, at *4 (finding an estimated licensing fee based on Getty Images pricing to be reasonable where the plaintiff did not show that Getty Images had ever licensed the image for that amount). However, Plaintiff is a professional photographer "in the business of licensing his photographs to online and print media for a fee," (Compl. ¶ 5), and maintains that "a willing buyer would pay a willing seller upwards of $1,500"—less than Getty Images' price—to license the Photograph. (Verch Decl. ¶ 3). Given Defendant's infringement, it is reasonable to assume that Defendant would have had to pay $1,500 to license the Photograph or an image similar to it. *C.f. Romanowicz*, 2018 WL 4762980, at *4; *Terry*, 2018 WL 3104091, at *4 (concluding that the plaintiff's reliance on a Getty Image pricing utility "offer[ed] a reasonable enough estimate."). Accordingly, I respectfully recommend that the Court grant Plaintiff's request for actual damages in the amount of $1,500.

### B. The Infringer's Profits

For an award of infringer's profits, Plaintiff must "provide any information from which the Court could reliably ascertain" Defendant's profits. *Romanowicz*, 2018 WL 4762980, at *4. Even where the defendant defaults, there must be some factual basis for estimating the infringer's profits. *Terry*, 2018 WL 3104091, at *4 (collecting cases).

3

Despite the opportunity to augment the record, Plaintiff did clarify his request for $3,000 in damages—$1,500 more than the lost licensing fee. The court again assumes that Plaintiff seeks to recover Defendant's profits from use of the Photograph. (*See* R. & R. at 9). But Plaintiff failed to support this request. Plaintiff did not submit any information relating to potential revenue that Defendant gained through use of the Photograph. Instead, Plaintiff's counsel simply concludes that the "$3,000 award is justified." (Liebowitz Suppl. Decl. ¶ 4). Without factual support, Plaintiff's claim that Defendant profited from publishing the Photograph on its website alongside an article about the future of the Las Vegas strip is at best speculative. *C.f. Romanowicz*, 2018 WL 4762980, at *5 ("this Court doubts that Defendant profited at all from posting Plaintiff's photograph as an accompaniment to an article on its website"). Accordingly, I respectfully recommend that the Court deny Plaintiff's request for Defendant's "Ill-Gotten Gains." *C.f. id.* (awarding only actual damages for copyright infringement and declining to award damages for the defendant's profits); *see also Ozuzu v. Function(x), Inc.*, No. 18-CV-6799 (ER), 2020 WL 4926247, at *2 (S.D.N.Y. Aug. 21, 2020) (same).

### III.    Attorney's Fees and Costs

The Copyright Act provides that a court "may" award reasonable attorney's fees and allow the recovery of full costs. 17 U.S.C. § 505. Here, Plaintiff seeks attorney's fees of $1,912.50 and costs of $440 for court filing and service costs. (Liebowitz Decl. ¶¶ 16–18; Liebowitz Suppl. Decl. ¶¶ 5–7).

#### A.   Attorney's Fees

Courts have broad discretion to grant attorney's fees. *See Matthew Bender & Co., Inc. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001). In this Circuit, courts consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Broad. Music, Inc. v. The Living Room Steak House, Inc.*, No. 14-CV-6298 (FB) (RER), 2016 WL 756567, at *8 (E.D.N.Y. Feb. 26, 2016), *R&R adopted by* 2016 WL 1056609 (Mar. 17, 2016) (quoting *Blanch v. Koons*, 485 F. Supp. 2d 516, 517 (S.D.N.Y. 2007)). In light of Defendant's default and this Court's finding that Plaintiff brought a meritorious claim, (R. & R. at 11), it is reasonable to award attorney's fees and costs. *C.f. Dermansky v. Tel. Media, LLC*, No. 19-CV-1149 (PKC) (PK), 2020 WL 1233943, at *7 (E.D.N.Y. March 13, 2020) (citing *Reilly v. Plot Com.*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *36 (S.D.N.Y. Oct. 31, 2016), *R&R adopted by* 2016 U.S. Dist. LEXIS 160884 (Nov. 21, 2016)) (awarding attorney's fees and costs pursuant to the Copyright Act after the defendant's default).

In this Circuit, courts calculate reasonable attorney's fees as the product of a reasonable hourly rate and hours reasonably expended. *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2010), *R&R adopted by* 2010 U.S. Dist. LEXIS 113799 (Oct. 26, 2010). For hourly rates, the Second Circuit has adopted the forum rule under which district courts may generally consider as reasonable the prevailing hourly rates in the district in which they sit. *Id.* at 88 (citing *Polk v. N.Y. Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). In this District, reasonable hourly rates range from "$300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Dermansky*, 2020 WL 1233943, at *7 (quoting *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ)

4

(AYS), 2020 WL 473619, at * 4 (E.D.N.Y. Jan. 29, 2020) (collecting cases)). Courts in this Circuit determine the reasonableness of hours expended based on the court's experience, the court's knowledge of the case, and the evidence and arguments presented. *Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 562 (S.D.N.Y. 2018) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should make "an across-the-board fee reduction" if "counsel relies on vague or excessive entries." *Zuffa, LLC v. S. Beach Saloon, Inc.*, No. 15-CV-06355 (ADS) (AKT), 2019 WL 1322620, at *8 (E.D.N.Y. Mar. 6, 2019), *R&R adopted by* 2019 WL 1317568 (Mar. 22, 2019)

Plaintiff seeks $1,912.50 in attorney's fees to compensate for a total of 4.5 hours at Mr. Leibowitz's desired hourly rate of $425. (Liebowitz Suppl. Decl. ¶ 7). Mr. Liebowitz failed to include a single citation from this District to support that $425 is a reasonable rate. (*Id.*; Liebowitz Decl. ¶ 18). Moreover, although $425 is within the range awarded to partners in this District, courts in this District have repeatedly found that $425 is an unreasonable rate for Mr. Liebowitz. *E.g.*, *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *5 (E.D.N.Y. Aug. 14 2020); *Dermansky*, 2020 WL 1233943, at *7; *Lowery v. Fire Talk LLC*, No. 19-CV-3737 (LDH) (RER), 2020 WL 5441785, at *6 (E.D.N.Y. June 29, 2020), *R&R adopted by* 2020 WL 5425768 (Sept. 10, 2020) (collecting cases). Mr. Liebowitz is the "founding member and managing partner" of Liebowitz Law Firm, PLLC; however, he has been practicing law for fewer than five years total. (Liebowitz Suppl. Decl. ¶ 6). Therefore, his experience and expertise more closely resemble that of an associate. *Lowery*, 2020 WL 5441785, at *6. In June of this year, I resolved a similar case for copyright infringement and found that $200 was a more appropriate hourly rate for Mr. Liebowitz. *See id.* I again find that $200 is a reasonable hourly rate for Mr. Liebowitz.

Mr. Liebowitz declares that he spent 4.5 hours preparing this case, including 1.5 hours reviewing the case file and conducting due diligence, an hour drafting and filing the complaint, an hour processing service and requesting entry of default, and an hour drafting and researching the application for default judgment. (Liebowitz Decl. ¶ 18; Liebowitz Suppl. Decl. ¶ 7). However, as other courts in this Circuit have found, this number of hours is excessive considering the similarity to Mr. Liebowitz's previous filings and the simplicity of some of the tasks listed. *See, e.g., Mantel v. SMASH.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019). For example, simple ministerial tasks such as processing service and requesting entry of default could be handled in short order and by a less experienced attorney or a paralegal. *See Id.*; *Jerstad v. N.Y. Vintners LLC*, No. 18-CV-10470 (JGK) (OTW), 2019 WL 6769431, at *5 (S.D.N.Y. Dec. 12, 2019), *R&R adopted by* 2020 WL 58237 (Jan. 6, 2020). Here, Mr. Liebowitz's submissions to the Court are nearly identical to submissions he has made to this Court in similar cases. (*See* Dkt. Nos. 17 ("*Pasatieri* Mem. in Supp."), 16 ("*Pasatieri* Decl."), *Pasatieri v. Starline Productions, Inc.*, No. 18-CV-04688 (E.D.N.Y. 2020); Dkt. Nos. 10 ("*Lowery* Decl."), 11 ("*Lowery* Mem. in Supp."), *Lowery*, No. 19-CV-3737 (E.D.N.Y. 2020)). "Accordingly, in light of the simplicity of the issues, Defendant's default, and the boilerplate nature of much of Plaintiff's filings," I find, as my colleague in the Western District of New York found in a similar case, "that three hours represents the reasonable number of hours that Attorney Liebowitz worked on this case." *Mantel*, 2019 WL 5257571, at *5; *see also Lowery*, 2020 WL 5441785, at *6.

5

Accordingly, I respectfully recommend that Plaintiff be awarded $600 in attorney's fees.[1]

B. Costs

Plaintiff's alleged costs include this District's $400 filing fee and $40 for service costs. (Liebowitz Suppl. Decl. ¶ 7). He did not provide supplemental material such as receipts or invoices to substantiate the request. But the Court may take judicial notice of the District's filing fee. *See, e.g.*, *Rudler*, 2020 WL 473619, at *12; *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013). Therefore, I find it appropriate to take judicial notice of this District's $400 filing fee. (*See* Dkt. No. 1 Entry dated 11/5/2019 noting "filing fee $400, receipt number ANYEDC-12010605"). Given Plaintiff's failure "to submit adequate documentary evidence in support of his request for . . . service costs," I find it appropriate to deny "Plaintiff's request for reimbursement of such service costs." *Joe Hand Promotions, Inc.*, 2013 WL 2352855, at *12 (collecting cases). Therefore, I respectfully recommend that Plaintiff be awarded $400 in costs.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that the Court award Plaintiff $1,500 in actual damages. Further, I respectfully recommend that the Court grant Plaintiff $600 in attorney's fees and $400 in costs. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Rachel P. Kovner within fourteen (14) days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 12, 2020
Brooklyn, NY

---

[1] $200 X 3 hours = $600.