UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCO VERCH,

                Plaintiff,                          MEMORANDUM AND ORDER
                                                                     19-CV-5912 (RPK) (RER)
   -against-

THE NOCTURNAL TIMES, LLC,

                Defendant.
---------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Marco Verch brings this copyright infringement action against defendant The Nocturnal Times, LLC. *See* Compl. ¶ 1 (Dkt. #1). Plaintiff is a professional photographer who licenses his photographs to online and print media for a fee. *See id.* ¶ 5. The complaint alleges that defendant reproduced and displayed one of plaintiff's licensed photographs on defendant's website without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. *See id.* ¶¶ 7-15. After defendant failed to respond to the complaint, plaintiff moved for default judgment. *See* Mot. for Default J. (Dkt. #18).

      On July 16, 2020, Magistrate Judge Reyes issued a report and recommendation ("R. & R.") recommending that plaintiff's motion be granted as to defendant's liability, but denied without prejudice as to damages, attorney's fees, and costs because plaintiff had provided insufficient evidence of the damages calculations. *See generally* R. & R. on Liability (Dkt. #22). Plaintiff subsequently filed further evidence in support of the monetary relief requested. *See* Second Decl. of Richard Liebowitz (Dkt. #24); Decl. of Marco Verch (Dkt. #25). On October 12, 2020, Judge Reyes issued a supplemental R. & R. recommending that plaintiff be awarded $1,500 in actual damages under the Copyright Act, 17 U.S.C. § 504, as well as $600 in attorney's fees and $400 in

costs, for a total of $2,500. *See generally* R. & R. on Damages (Dkt. #26). No party objected to either R. & R. within the time required by 28 U.S.C. § 636(b)(1).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Clear error will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

I have reviewed both of Judge Reyes's R. & Rs. and, having found no clear error, adopt them in full. Accordingly, plaintiff's motion for default judgment is granted and plaintiff is awarded $2,500.

SO ORDERED.

                                                                                    */s/ Rachel Kovner*
                                                                                    RACHEL P. KOVNER
                                                                                    United States District Judge

Dated: December 22, 2020
       Brooklyn, New York